IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> DOLGENCORP, LLC d/b/a ) <br> DOLLAR GENERAL ) <br> ) <br> ) <br> ) | Case No. 21-CV-295-KEW <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

### NATURE OF THE ACTION

This action is brought under the Age Discrimination in Employment Act of 1967 to correct unlawful employment actions on the basis of age and to provide appropriate relief to Charging Party Bill Sims and other identified individuals harmed as a result of Defendant Dolgencorp, LLC's d/b/a Dollar General ("Dollar General" or "Defendant") unlawful employment actions. As alleged with greater particularity below, the Commission alleges that Defendant discriminated against Mr. Sims and other district managers over the age of 50 working in Eastern Oklahoma, including, but not limited to, harassing such employees based on their age, constructively discharging Mr. Sims, and discharging Gloria Lorenzo and Greg Phillips because of their age and because of their opposition to age discrimination and harassment in the workplace, in violation of the Age Discrimination in Employment Act ("ADEA").

1

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ (451, 1331, 1337, 1343, 1345). This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§216(c) and 217.

2. Venue is proper in this Court because the employment practices alleged to be unlawful were committed in Eastern Oklahoma within the geographic boundaries of the United States District Court for the Eastern District of Oklahoma.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("EEOC") is the agency of the United States charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Dolgencorp, LLC d/b/a Dollar General, a Kentucky limited liability corporation, has continuously been doing business in the State of Oklahoma, and has continuously had at least 20 employees.

5. Defendant Dolgencorp, LLC d/b/a Dollar General is an employer engaged in an industry affecting commerce, under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. On or about September 7, 2018, more than thirty days prior to the institution of this lawsuit, Bill Sims filed a charge of discrimination with the Commission alleging violations of the ADEA against Dollar General, Charge No. 564-2018-02163.

7. After investigation, on April 14, 2021, the Commission issued to Dollar General a Letter of Determination finding reasonable cause to believe that the ADEA was violated and invited Dollar General to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Dollar General to provide the company the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Dollar General a conciliation agreement acceptable to the Commission.

10. On July 1, 2021, the Commission issued to Dollar General a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

### General Facts

12. Defendant is a national retail chain operating multiple stores in Oklahoma.

13. Defendant hired Nic DeAngelis on July 11, 2016, to be the Regional Director of Region 73.

14. During the relevant time period, Region 73 encompassed the Eastern portion of Oklahoma and was comprised of over 100 stores.

15. DeAngelis supervised approximately 17 district managers from July 2016 to January 2018.

16. During his tenure DeAngelis consistently harassed district managers over the age of 50. Such harassment occurred on an almost daily basis. The harassment included telling district managers "we gotta get young blood in here," implying older district managers were too old to do their jobs, stating he wanted to create a "millennial team," and aggressively telling older district managers "if I have to come and tell you stores what they need to do then I don't need you."

17. On September 3, 2016, a Region 73 district manager (age 55) resigned. In his resignation letter, the district manager cited an age-based hostile work environment, discrimination, and DeAngelis' inappropriate behavior as reasons for his resignation.

18. Dollar General conducted interviews related to these allegations in September 2016. District managers Greg Phillips (age 56) and Gloria Lorenzo (age 65) told Dollar General's interviewer that DeAngelis harassed district managers based on age, including the use of age-biased comments, name-calling, and threats. Phillips and Lorenzo also said they were concerned about potential retaliation for participating in the interviews or being forced out of the company due to their age.

4

19. After the interviews, Dollar General did not discipline DeAngelis or take any action to monitor his actions or prevent future unlawful age-based harassment, aside from simply telling DeAngelis he should stop using ageist phrases such as "this is the time of millennials" or other age-related comments

20. After being told to stop, DeAngelis continued making age-based harassing comments, including calling older male district managers "grumpy old men" in group settings, stating he wanted to build a "millennial team," and telling older district managers would never fit into that team. DeAngelis also told district manager Bill Sims (age 58) that if he could not keep up with the millennial team he should quit or he would be fired.

21. DeAngelis also bragged to district managers that he was "protected by human resources," indicating to the district managers that they had no recourse but to accept his harassment.

Greg Phillips

22. Dollar General employed district manager Greg Phillips from September 20, 2007, until October 16, 2016.

23. At the time of his termination, Phillips was 56 years old.

24. Dollar General never issued any discipline to Phillips, and in 2015, the year prior to DeAngelis becoming Phillips's supervisor, Dollar General rated Phillips's performance as "good".

25. On September 8, 2016, Dollar General interviewed Phillips about DeAngelis's alleged age-based harassment and discrimination. Phillips confirmed that DeAngelis engaged in age-based harassing conduct, that he made statements about the "time of millennials" and that Phillips needed to "loosen up," and that DeAngelis was unprofessional.

26. Dollar General's interviewer noted that Phillips was "uneasy" about DeAngelis's "age references about 'time of millennials.'"

27. Phillips's statements to the Dollar General interviewer were opposing age discrimination and were a protected activity.

28. On October 16, 2016, DeAngelis terminated Phillips for alleged falsification of company records, even though Phillips's handling of company records was consistent with Dollar General's training and the common practice within Region 73 under past regional directors.

29. Dollar General's proffered reason for Phillips's termination was a pretext for unlawful age discrimination and retaliation.

## Gloria Lorenzo

30. Dollar General employed district manager Gloria Lorenzo from September 7, 2005, until November 16, 2016.

31. Lorenzo was 65 years old at the time of her termination.

32. Dollar General evaluated Lorenzo's performance in 2015 as "good" and issued her no discipline during her employment.

33. On September 9, 2016, Dollar General interviewed Lorenzo regarding DeAngelis's conduct toward the district managers.

34. Lorenzo told Dollar General's interviewer that DeAngelis had created a hostile work environment by making age-biased statements such as "we gotta get young blood in here," and that older store managers (who reported directly to Lorenzo) were concerned about DeAngelis's age-biased comments.

35. Lorenzo's statements to the Dollar General interviewer were opposing age discrimination and were a protected activity.

6

36. Lorenzo told the Dollar General interviewer that DeAngelis implied her job was on the line and told her that she was "too old for [the district manager position]." Lorenzo said she feared retaliation as one of the older employees.

37. DeAngelis terminated Lorenzo on November 16, 2016, for alleged falsification of documents, even though Lorenzo's handling of documents was consistent with Dollar General's training and the common practice for district managers.

38. Dollar General's proffered reason for Lorenzo's termination was a pretext for unlawful age discrimination and retaliation.

Bill Sims

39. District Manager William "Bill" Sims was employed by Dollar General from January 24, 2005, until December 19, 2017.

40. Sims was 58 years old at the time of his termination.

41. Prior to DeAngelis becoming his supervisor, Dollar General evaluated Sims' performance as "very good" in 2013 and 2014 and "good" in 2015. Dollar General issued Sims no discipline during his employment.

42. As set forth in ¶¶12-21 above, DeAngelis harassed Sims and other district managers over age 50 based on their age.

43. On August 31, 2017, Sims emailed Senior Director Mia Savaloja requesting to speak with her about his regional director's age discrimination, heavy-handed management, and vulgar language. Sims asked that Savaloja not share this information with current human resources employees because he feared retaliation from DeAngelis based on Phillips's and Lorenzo's firings, and DeAngelis's comments to the district managers that he was protected by HR.

44. Dollar General did not take action in response to Sims's email to Savaloja, and DeAngelis's harassment of Sims increased after Sims's email to Savaloja.

45. For example, after Sims's email to Savaloja, DeAngelis called Sims late at night to berate Sims for perceived shortcomings, such as not addressing a customer complaint, or to tell Sims he was writing him up.

46. DeAngelis also threatened Sims with written discipline and presented such discipline to Sims to make Sims believe he was being disciplined. But, upon information and belief, DeAngelis did not document such discipline in Sims's personnel file because he knew it was not warranted.

47. DeAngelis referred to Sims and other older district managers as "grumpy old men" during management meetings and told Sims if he could not keep up with DeAngelis's "millennial team" then Sims should quit or be fired.

48. Sims suffered constant anxiety over DeAngelis's harassment and fear of losing his job. Sims had trouble sleeping and began negatively affecting his personal and marital relationships.

49. Due to the increased harassment, his deteriorating mental state caused by DeAngelis's discriminatory treatment, and his fear that DeAngelis would follow through on his threats of termination, Sims was forced to resign on December 18, 2017. Sims cited DeAngelis's continued age-based harassment as the reason for his resignation.

50. Sims was constructively discharged due to his age and DeAngelis's age-based harassment.

## COUNT I

(ADEA – Harassment)

51. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

52. The allegations described above constitute violations of the ADEA by Defendant by subjecting Sims, Phillips, Lorenzo, and other district managers over the age of 50 in Region 73 to unlawful age-based harassment by DeAngelis.

53. DeAngelis's age-based harassment created a hostile work environment that was permeated with discriminatory intimidation, ridicule, and insult, that was sufficiently severe or pervasive to alter the conditions of employment for Sims, Phillips, Lorenzo, and other district managers over the age of 50 in Region 73 and create an abusive working environment.

54. As a direct and proximate result of Dollar General's actions, Sims, Phillips, Lorenzo, and other district managers over the age of 50 in Region 73 suffered actual damages including but not limited to backpay and front pay.

55. Dollar General knew or should have known that its actions violated the ADEA and is liable for liquidated damages awarded based on Dollar General's willful conduct.

## COUNT II

(ADEA – Constructive Discharge)

56. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

57. The actions described above constitute violations of ADEA by Defendant by forcing Sims and other district managers over the age of 50 in Region 73 to resign because of the intolerable age-based harassment and hostile work environment.

58. As a direct and proximate result of Dollar General's actions, Sims and other district managers over the age of 50 in Region 73 suffered actual damages including but not limited to backpay and front pay.

59. Dollar General knew or should have known that its actions violated the ADEA and is liable for liquidated damages based on Dollar General's willful conduct.

## COUNT III

### (ADEA – Discharge (Age))

60. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

61. The actions described above constitute violations of ADEA by terminating the employment of Phillips, Lorenzo, and other district managers over the age of 50 in Region 73 based on age.

62. Defendant's reasons for these terminations were a pretext for age discrimination.

63. As a direct and proximate result of Dollar General's actions, Phillips, Lorenzo, and other district managers over the age of 50 in Region 73 suffered actual damages including but not limited to backpay and front pay.

64. Dollar General knew or should have known that its actions violated the ADEA and is liable for liquidated damages based on Dollar General's willful conduct.

## COUNT IV

(ADEA – Discharge (Retaliation))

65. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

66. The actions described above constitute violations of ADEA by terminating the employment of Phillips, Lorenzo, and other district managers over the age of 50 in Region 73 in retaliation for their protected activity opposing age-based harassment and discrimination.

67. Dollar General's actions were materially adverse, such that a reasonable employee would be dissuaded from engaging in protected activity opposing age-based harassment and discrimination.

68. As a direct and proximate result of Dollar General's actions, Phillips, Lorenzo, and other district managers over the age of 50 in Region 73 suffered actual damages including but not limited to backpay, medical expenses, fear, humiliation, emotional distress, and loss of enjoyment of life.

69. Dollar General's unlawful actions were intentional and were done with malice or with reckless indifference to the federally protected rights of Phillips, Lorenzo, and the other district managers over 50.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees based on their age, harassing employees based on their age, and retaliating against employees who report age discrimination or harassment.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, including Bill Sims, Greg Phillips, Gloria Lorenzo, and other district managers over 40 by providing the affirmative relief necessary to eradicate the effects of its unlawful practices by providing appropriate back pay, lost benefits, front pay, liquidated damages and prejudgment interest.

D. Order Defendant to make Sims, Lorenzo, Phillips, and other aggrieved individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including emotional pain and suffering, humiliation, embarrassment, loss of self-esteem, anxiety, stress, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant to pay Sims, Lorenzo, Phillips, and other aggrieved individuals punitive damages for its malicious and reckless conduct as described above, in an amount to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting Deputy General Counsel

LISA MORELLI
Acting Assistant General Counsel

ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney
Equal Employment
Opportunity Commission
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
Telephone: (314) 406-2810
andrea.baran@eeoc.gov

s/Lauren W. Johnston
LAUREN W. JOHNSTON, OBA No 22341
Senior Trial Attorney
Equal Employment Opportunity
Commission – Oklahoma City Area Office
215 Dean A. McGee Ave, Ste. 524
Oklahoma City, Oklahoma 73102
Telephone: (405) 666-0379
lauren.johnston@eeoc.gov

ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION