## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-295-RAW-GLJ** |
| | ) | |
| **DOLGENCORP, LLC d/b/a** | ) | |
| **DOLLAR GENERAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

This matter comes before the Court on motion by Plaintiff Equal Employment Opportunity Commission ("EEOC") to quash certain pending subpoenas duces tecum Defendant issued to non-parties. Specifically, Defendant issued subpoenas duces tecum to the three claimants' subsequent employers seeking personnel and employment related records. The Court has referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636. Docket No. 60. For the reasons set forth below, Plaintiff EEOC's Motion to Quash, or in the Alternative, For Protective Order, with Request for Stay and Expedited Briefing [Docket No. 71] is hereby DENIED IN PART and GRANTED IN PART.

**BACKGROUND**

The EEOC filed this action on September 30, 2021, alleging that Defendant violated the Age Discrimination in Employment Act when it harassed and discriminated against the three Claimants, Bill Sims, Greg Phillips and Gloria Lorenzo, because of their age, and retaliated against Phillips and Lorenzo for reporting age discrimination.   Defendant recently issued the virtually identical subpoenas duces tecum to the Claimants' subsequent employers, seeking an array of employment and personnel documents for the Claimants. *See* Docket Nos. 71-2 – 71-11. Specifically, subpoenas were issued to the following: 1) Ron's Discount Lumber, Inc. in Howe, Oklahoma; 2) Frito-Lay North America, Inc. in Dallas, Texas; 3) Skypoint Transit, LLC in Goshen, Indiana; 4) Indiana Transport Co. in Elkhart, Indiana; 5) Dollar Tree Stores, Inc. in Oklahoma City, Oklahoma; 6) Hawthorne Construction Co., LLC in Mustang, Oklahoma; 7) Waste Management of Oklahoma in Oklahoma City, Oklahoma; 8) Dollar Tree Stores, Inc. in Oklahoma City, Oklahoma; 9) Commerce Bank in Kansas City, Missouri; and 10) Advance America in Spartanburg, South Carolina.  *Id*.  Each subpoena seeks personnel related documents for the Claimants from their subsequent employers, including documents such as the application for and offer of employment, total compensation received, job duties and responsibilities, evaluations and job performance reviews, any complaints about or by the Claimants, reason the Claimant left the subsequent employer, and any incident involving the Claimant's dishonesty or write-ups.  *Id*.  The subpoenas all commanded production of the requested documents by 10:00 a.m. on August 24, 2023 at Defendants' lawyer's office in Dallas, Texas.  *Id*.

On August 22, 2023, the EEOC filed its Motion, seeking to quash the subpoenas as overly broad as exceeding the appropriate scope of discovery in this case. Alternatively, the EEOC asks this Court to limit the scope of discovery to only subject matter that is properly discoverable. The Court ordered expedited briefing, ordering Defendant to respond to the Motion by August 28, 2023. *See* Docket No. 72.

On August 24, 2023, after the time for compliance passed, Commerce Bancshares, Inc., one of the subpoenaed non-parties, filed a Motion for Protective Order seeking relief from its obligation to respond to the subpoena until after the Court rules on the EEOC's Motion to Quash. *See* Docket No. 73.

## ANALYSIS

### I.     The EEOC's Standing

The Court must first determine whether the EEOC has standing to challenge the subpoenas. A party generally lacks standing under Fed. R. Civ. P. 45(d)(3) to challenge a subpoena issued to a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena. *E.E.O.C. v. Unit Drilling Co.*, 2014 WL 130551, *3 (N.D. Okla. Jan. 13, 2014). A party generally does not have standing to object to a subpoena served on a nonparty on grounds of the undue burden imposed on the nonparty, especially where the nonparty itself has not objected. *Id*.

The EEOC alleges it has standing because it is asserting the rights of the Claimants in this litigation. The EEOC alleges that because the subpoenas seeks personal information from the Claimants' employment files, it is asserting the Claimants' personal and privacy interests. In *Unit Drilling*, the court surveyed the case law and determined that courts were

split as to whether the EEOC has standing to challenge non-party subpoenas on behalf of claimants. *Id.* at \*2-3. Nonetheless, the *Unit Drilling* court concluded that the better approach when a defendant issues subpoenas to past and subsequent employers of claimants represented by the EEOC is that the EEOC has "limited standing" to assert the privacy interests of the employees. *Id.* at \*3 (citing *EEOC v. Original Honeybaked Ham Co. of Georgia, Inc.*, 2012 WL 934312, \*2 (D.Colo. March 19, 2012) This Court agrees with the conclusion of the *Unit Drilling* court.

Defendants cite *Garg v. VHS Acquisitions Subsidiary No. 7, Inc.*, 2021 WL 5817446 (W.D. Okla. Dec. 7, 2021), in support of its argument that the EEOC does not have standing to challenge the subpoenas. In *Garg*, however, the court concluded that, at least for the requests related to personnel records, the EEOC did have standing to challenge the subpoena. *Id.* at \*3 ("The Court agrees that Plaintiff has a clear privacy interest in his prior employment records and the CSA.").

Even if the EEOC does not have standing to quash the subpoenas, however, the Court has inherent authority and responsibility to control the scope of discovery.

> In cases where a moving party lacks standing to challenge a third-party subpoena, a court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests pursuant to Federal Rule of Civil Procedure 26(b)(2)(C). *See* Fed. R Civ. P. 26(b)(2)(C)(iii) (explaining that court "must limit the frequency or extent of discovery" if court determines that proposed discovery is outside the scope permitted by Rule 26(b)(1)); *Gov't Employees Ins. Co. v. Trnovski*, 2018 WL 5281424, at \*3 (D. N.J. Oct. 23, 2018) ("Although the Court finds that defendants lack standing to quash the Subpoenas, the Court will nevertheless address whether the information that Plaintiffs seek is relevant under Rule 26.").

*Copeland v. C.A.A.I.R., Inc.*, 2020 WL 972754, at *3 (N.D. Okla. Feb. 28, 2020); *see also Garg*, 2021 WL 5817446, at *2-3.

In the instant case, the EEOC is acting in the interests of the Claimants when it moved to either quash the subpoenas or obtain a protective order limiting the scope of discovery sought by the subpoenas.  The subpoenas clearly seek information in the Claimants personnel files from their subsequent employers and, thus, involve personal information that invokes their privacy interests.  Moreover, even if the EEOC did not have standing to quash or seek a protective order regarding the requested information, the Court has the inherent authority to control discovery to determine whether the requested documents should be subject to discovery in this case.

## I.    Motion to Quash

The EEOC first seeks to quash the subpoenas to the Claimants' subsequent employers.  The issuance of subpoenas is governed by Fed. R. Civ. P. 45, which was amended December 1, 2013.  This rule states that a "subpoena may command:  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2).  Since 2013, a subpoena must be issued from the court where the action is pending, but a subpoena may only be quashed by a court for the district where *compliance* is required.  *See* Fed. R. Civ. P. 45(a)(2), (d)(3).  Defendant properly issued the subpoenas from the Eastern District of Oklahoma, *see* Docket Nos. 71, Exs. 2 - 11, as the Court where the action is pending.  However, all the subpoenas facially command compliance in Dallas, Texas, and, except for the subpoena served on Ron's Discount

Lumber, all the subpoenaed non-parties are located outside of the Eastern District of Oklahoma. *Id*.

Neither the EEOC nor Defendant address the question of the Court's jurisdiction to quash the subpoenas in their motion; however, it is the Court's duty to examine its own jurisdiction. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte.*") (*quoting Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). None of the ten subpoenas request production within the 100-mile limitation from the subpoenaed entities. Similarly, except for one subpoenaed entity, none of the subpoenaed entities is even located within the Eastern District of Oklahoma and Defendant directed the non-parties to produce the subpoenaed documents in Dallas, Texas. Accordingly, this Court lacks jurisdiction over the EEOC's Motion to Quash because compliance may only be quashed by a court for the district where *compliance* is required. *See Deselms as Trustee of Anita C. Deselms Living Trust v. Occidental Petroleum Corp.,* 2021 WL 2948747, at *2 (D. Wyo. June 16, 2021) ("[W]here a subpoena-related matter is filed with the issuing court and not the court where compliance is required, the issuing court lacks jurisdiction to decide the matter."); *see also In re Syngenta Ag Mir 162 Corn Litig.*, 2017 WL 386835, at *1 (D. Kan. Jan. 27, 2017) ("Here, the subpoena served on Mr. Carrato required compliance in San Francisco, California. Because compliance is not required in the District of Kansas, this court cannot quash the subpoena or otherwise provide the relief requested by Monsanto. [] Because this court is without power to quash the subpoena or transfer the motion to itself, the motion is denied without

-6-

prejudice to refiling in the Northern District of California."); *In re SBN Fog Cap II LLC*, 562 B.R. 771, 775-776 (D. Colo. 2016) (denying Motion to Quash pursuant to Rule 45; collecting cases); *Cargill Meat Solutions, Corp. v. Premium Beef Feeders, LLC*, 2015 WL 3935726, at *1 (D. Kan. June 26, 2015) ("No motion to quash has been transferred from another court, and this Court is therefore without authority to rule on Defendants' motion.").

## II.     Motion for Protective Order

The EEOC's Moton also includes, as an alternative to quashing the subpoenas, a request that the Court enter a protective order limiting the discovery sought by the subpoenas to relevant and proportional documents.  The Court's inherent authority to enter protective orders controlling the scope of discovery under Fed. R. Civ. P. 26(c) is broader than its authority under a Rule 45 motion to quash.  In particular, while Rule 45's authority to quash is limited to the court in which compliance occurs, Rule 45 "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Rajala v. McGuire Woods, LLP*, 2010 WL 4683979, at * 5 (D. Kan. Nov. 12, 2010) (quoting *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431 434 (M.D.N.C. 2001)); *see also Cartel Asset Mgmt. v. Oewen Fin. Corp.*, 2010 WL 502721, at *8 (D. Colo. Feb. 8, 2010); *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, 2007 WL 121674 (D.Nev. Jan. 10, 2007).[1]

---

[1] Although *Rajala* and *Static Control* were decided before the 2013 amendments to Fed. R. Civ. P. 45 requiring the subpoena to be issued by the court in which the case is pending, *see* Fed. R. Civ. P. 45(a)(2), the current rule continues the requirement that the motion to quash be filed in the court for the location is which compliance with the subpoena is to occur.

Additionally, "[g]eneral discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued." *Id*. at *7.  As noted in *Rajala*, the

> Court has the authority and responsibility to control the broad outline and scope of discovery in the case. Thus, when a party files a motion for protective order in this Court that would have the effect of quashing or modifying a subpoena [compliance with which will be in] another district, this Court may entertain that motion where (1) the issues raised are central to the case and extend beyond the specifics of the particular subpoena, and (2) the requested ruling is necessary to insure that general discovery issues will receive uniform treatment, regardless of the district in which the discovery is pursued. Certainly, this Court has the obligation to insure that another district does not broaden the scope of discovery beyond what would be allowed in this Court or otherwise enter an order that would be inconsistent with the scope of discovery already drawn by this Court.

2010 WL 4683979, at *7.

Defendant argues a protective order is improper because all the requested information is clearly within the scope of Fed. R. Civ. P. 26.  *See* Docket No. 77, p. 7.  In particular, Defendant argues that the parties' claims and defenses place the requested material at issue.  The EEOC concedes that documents related to the Claimants' dates of employment and payroll records are relevant to the mitigation of damages issue and are within the scope of discovery.  *See* Docket No. 71, p. 11.  Defendant does not, however, provide anything more than speculation as to the discoverability of matters such as "workplace habits" and conduct, which have little if any potential relevance to the Claimants performance and conduct while employed by Defendant.   Moreover, Defendants' criticism of the EEOC for citing to a case decided before the 2015 amendment to Fed. R. Civ. P. 26(b) misses the purpose of the 2015 amendment, which was to *narrow* the scope of the permissible discovery, not to broaden it.  *See e.g.*, *Benavidez v. Sandia*

*Nat'l Laboratories*, 39 F.R.D. 696, 713-719 (D.N.M. 2017) (analyzing the 2010 and 2015 amendments and concluding that "[t]he 2015 amendments to Rule 26(b)(1) continued the process [begun in 2010] of narrowing the discovery's substantive scope and injecting courts further into the discovery process.").

"It is well-settled 'that the scope of discovery under a [Rule 45] subpoena is the same as the scope of discovery under Rule 26(b)[.]'" *Penn v. Farmers Ins. Exchange*, 2021 WL 6101890, at *1 (W.D. Okla. June 10, 2021) (quoting *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003)). The district court has broad discretion over the control of discovery. *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 952 (10th Cir. 2004). "The purpose of this rule is to allow broad discovery of relevant information, even if that information is not admissible at trial." *Hedquist v. Patterson*, 215 F. Supp. 3d 1237, 1243 (D. Wyo. 2016). Broad discovery is not unlimited and a court has considerable discretion to balance the rights of both the plaintiff and defendant. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); Fed. R. Civ. P. 37(a). The court may constrain a party's right to obtain discovery "where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004) (internal citations omitted).

The Court has carefully evaluated the various requests in the subpoenas and concludes that they seek both relevant and irrelevant documents for purposes of discovery in this case. First, as an initial matter, the Court concludes that the requested documents

raise issues that are central to the case and extend beyond the specifics in the subpoenas, and, thus, it is important for the Court to use its inherent authority to control discovery to insure uniformity in the interpretation of relevancy for purposes of discovery. As it relates to the particular requests: categories 1 and 2 seek documents related to the Claimant's application for and offer of employment; category 3 seeks documents related to the Claimant's compensation with the subsequent employer; category 4 seeks documents related to Claimant's job duties; and category 8 seeks documents related to the reasons the Claimant ended the employment with the subsequent employer. *See e.g.*, Docket No. 71, Ex. 2 at Attachment A. Each of these categories seeks documents that are related to the claims and defenses in the case and are proportional to the needs of the case. Therefore, the EEOC's request for a protective order as to these categories is denied.

Categories 6 and 7 seek documents related to complaints made by the Claimant about their work environment or co-workers, or complaints about, including allegations of discrimination by, the Claimant, respectively. *Id*. Such documents are relevant for purposes of discovery to the extent they are limited to claims of age discrimination or retaliation pursuant to the ADEA. Documents related to any other complaint by or about a Claimant are not relevant and not within the proper scope of discovery. Therefore, a protective order is granted as to any documents in categories 6 and 7 except those related to an age discrimination claim under the ADEA.

Finally, category 5 seeks documents related to Claimant's job performance and evaluation at the subsequent employer, and category 9 seeks documents related to the Claimant's dishonesty and any write-ups or warnings. *Id*. Defendants characterize these

categories as seeking information about the Claimants' work habits that might have led to adverse employment actions that are relevant to non-pretextual reasons for their departure. *See* Docket No. 77, p. 3.   Such an argument, however, appears to conflate any alleged reasons Claimants departed from or were terminated by Defendant as opposed to a subsequent employer. *See e.g.*, 44 AM JUR POF 3rd 70, § 22 (discharge or otherwise discipline of an individual for good cause is a defense to age discrimination under an ADEA claim).   As a result, these categories exceed the scope of appropriate discovery in this matter as they are not related to the claims or defenses in this case.   Therefore, a protection order is granted as to documents responsive to categories 5 and 9 of the subpoenas.

## III.   Other Relief

In its Response, Defendant asserts that the subpoenaed parties have "already responded to the subpoenas without objection. . . ." *See* Docket No. 77 at pp. 2-3.   While it is unknown to the Court what documents were produced subject to the subpoenas and whether all documents sought by the subpoenas were produced by each subpoenaed non-party, such responses are still subject to the protective order set forth by the Court herein as it relates to the scope of discovery in this case.   Therefore, to the extent documents have been produced subject to the subpoenas that are outside the scope of discovery under this Order, such documents shall not be used by either party in the litigation unless and until leave is obtained from the Court to do so.

Defendant's Response also vaguely asks this Court "enjoin" the EEOC from interfering with recipients' responses to the subpoenas.   While such conduct would be

-11-

deeply troubling to the Court, Defendant provides insufficient information for the Court to assess the circumstances or conduct alleged.  Additionally, to the extent Defendant is seeking an injunction, such request was improperly included in its Response and should be presented to the Court by separate motion.  *See* LCvR 7.1(b).  Therefore, such request is denied without prejudice to rearguing by separate motion.

Finally, Commerce Bancshares, Inc.'s Motion for Protective Order seeking relief from its obligation to respond to the subpoena until after the Court rules on the EEOC's Motion to Quash, *see* Docket No. 73, is denied as moot considering the ruling herein.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff EEOC's Motion to Quash, or in the Alternative, For Protective Order with Request for Stay and Expedited Briefing [Docket No. 71] is hereby DENIED  as to the Motion to Quash  and Request for Stay, but is GRANTED as to the Protective Order as set forth in this Order.

**DATED** this 30th day of August, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**