IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC d/b/a DOLLAR GENERAL,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-21-295-RAW-GLJ<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF EEOC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CONFIDENTIAL EXHIBITS TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Equal Employment Opportunity Commission submits this Reply in support of its Motion to Strike (ECF # 117). Because Dollar General does not have a proper basis for judicial review of the parties' confidential conciliation communications, the Court should grant the EEOC's motion and strike Exhibits G (ECF # 109-7), I (ECF # 109-9), and K (ECF # 109-11) from the public record.

**I.  The Court should strike the confidential exhibits as compromise communications under Fed. R. Evid. 408.**

In its motion, the EEOC moved the Court to strike the parties' conciliation communications under Fed. R. Evid. 408. *See* Motion (ECF # 117) at 1.[1] In its Response, Dollar

---

[1] Dollar General offers no authority for its claim that EEOC is prohibited from filing its motion to strike, which requests the Court not only strike the confidential exhibits from the dispositive motion record but from the public court file as well. *See* Motion (ECF # 117) at 1, 4. In its reply in support of its dispositive motion, EEOC noted its objection to Dollar General's use of confidential conciliation documents per Fed. R. Civ. P. 56(c)(2) and notified the Court that it would move separately to strike those exhibits. *See* Reply (ECF # 116) at 9, n. 12. Other courts have found that this is a recognized method for dealing with these issues. *See, e.g., Equal Emp. Opportunity Comm'n v. Brown-Thompson Gen. P'ship*, No. CIV-16-1142-R, 2017 WL 11448296,

General focused on a holding about statutory incorporation from the Tenth Circuit in *EEOC v. Gear Petroleum*, 948 F.2d 1542 (10th Cir. 1991), contesting an argument that the EEOC did not make. *See* Response (ECF # 129) at 2-3. While Dollar General is correct that the Tenth Circuit declined to incorporate the confidentiality provisions from Section 706(b) of Title VII into the ADEA in *Gear Petroleum*, that holding does not resolve this dispute.[2] In *Gear Petroleum*, the Tenth Circuit also held that the district court properly excluded the parties' conciliation communications under Fed. R. Evid. 408. *See Gear Petroleum*, 948 F.2d at 1545 (affirming district court's exclusion of conciliation letters as protected compromise communications). Thus, *Gear Petroleum* supports the EEOC's request to strike the confidential conciliation exhibits under Rule 408.

The test under Rule 408 is straightforward. "In this case, the crucial inquiry involves whether the [exhibits] were part of compromise negotiations between the EEOC and [Dollar General]." *See Gear Petroleum*, 948 F.2d at 1544. The exhibits at issue here meet that test. Dollar General does not, and cannot, dispute that each of the exhibits the EEOC seeks to strike consist

---

at *1 (W.D. Okla. Aug. 4, 2017) (granting motion to strike confidential conciliation exhibits in Title VII case). At a minimum, the Court should treat the EEOC's motion as one to strike and/or seal the exhibits per LCvR 79.1. EEOC has taken the position throughout this case that these exhibits are confidential. *See, e.g.*, Ex. 1, Cole Deposition at 139:19-140:13; Stipulated Protective Order (ECF # 36), ¶ 4(D)("Records and testimony relating to Conciliation of the underlying charge").

[2] Even though the ADEA does not expressly incorporate Title VII's statutory confidentiality provision, federal regulations governing the EEOC's administration and enforcement of the ADEA recognize that the EEOC may keep certain investigatory and conciliation communications confidential under the ADEA. *See, e.g.*, 29 C.F.R. § 1626.12(b) (permitting EEOC to withhold information during ADEA conciliations, including the names of aggrieved individuals who have requested anonymity); 29 C.F.R. § 1626.12(c) (EEOC "shall not disclose any information [during conciliation] pursuant to paragraph (b) of this section where another federal law prohibits disclosure of that information or where the information is protected by privilege."); 29 C.F.R. § 1626.15(b) ("In the process of conducting any investigation or conciliation under this Act, the identity of persons who have provided information in confidence shall not be disclosed except in accordance with § 1626.4.").

of the parties' pre-suit compromise negotiations. *See* Exhibit G (ECF # 109-7) (confidential conciliation letter from EEOC to Dollar General with proposed monetary and non-monetary relief for Sims); Exhibit I (ECF # 109-9) (EEOC conciliation disclosure form (since rescinded) for class, systemic, pattern, or practice charges, which includes proposed monetary and non-monetary relief for Sims, Lorenzo, and Phillips); and Exhibit K (ECF # 109-11) (email from Dollar General to EEOC declining a conciliation conference while offering a small monetary sum to resolve Sims' Charge). Thus, the Court should strike them as confidential compromise communications under Fed. R. Evid. 408.

 II.   ***Mach Mining*** **does not allow Dollar General to contest the substance and detail of the parties' conciliation efforts.**

In its Response, Dollar General also misreads *Mach Mining* to erroneously argue that the Court may consider the confidential conciliation documents to evaluate EEOC's compliance with "conciliation preconditions" on the agency's claims for relief for Lorenzo and Phillips. *See* Response (ECF # 129) at 3-4. *Mach Mining* squarely forecloses that expansive review. Under the ADEA, the EEOC must "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(d)(2). In *Mach Mining*, the Court held that the similar words in Title VII's conciliation provision permitted only a limited judicial review and meant only that:

> the EEOC must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of 'reasonable cause.' Such notice properly describes both what the employer has done and which employees (*or what class of employees*) have suffered as a result. And the EEOC must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice. Judicial review of those requirements (and nothing else) ensures that the Commission complies with the statute.

*Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 494 (2015) (emphasis added).

Here, Dollar General does not dispute that the EEOC notified Dollar General that it found reasonable cause to believe Dollar General violated the ADEA by discriminating against and harassing Sims and "other District Managers" because of their age and retaliated against two District Managers because of their opposition to DeAngelis's harassment. *See* Letter of Determination (ECF # 102-13). Thus, EEOC properly notified Dollar General of the specific "unlawful practice" under 29 U.S.C. § 626(d)(2) and described the "class of employees" as required by *Mach Mining*. Further, Dollar General does not contest that the EEOC gave it an opportunity to remedy these discriminatory practices by inviting it to conciliate. Nothing more was required, as Dollar General well knows. *See Equal Emp. Opportunity Comm'n v. Dolgencorp*, LLC, 249 F. Supp. 3d 890, 895–97 (N.D. Ill. 2017) (rejecting Dollar General's argument that EEOC's conciliation discussions were inadequate and granting EEOC's motion for partial summary judgment on Dollar General's conciliation defenses). Thus, the Court should reject Dollar General's misreading of *Mach Mining* and strike the conciliation exhibits. *See U.S. Equal Emp. Opportunity Comm'n v. Birchez Assocs*., LLC, No. 119-CV-810-LEK-DJS, 2020 WL 1283560, at *2 (N.D.N.Y. Mar. 18, 2020) (noting that *Mach Mining* prohibits a court from imposing "additional procedural requirements on the EEOC beyond engaging in some form of discussion") (citation omitted).

Despite Dollar General's reliance on *EEOC v. Wal-Mart Stores Texas, LLC*, 438 F. Supp. 3d 758, 761 (S.D. Tex. 2019), that decision also supports the EEOC's motion to strike. *See* Response (ECF # 129) at 3. In that ADA case, the district court held that *Mach Mining* specifically precluded judicial review or discovery about the details of the parties' conciliation efforts, which the Court found was not relevant or proportional to the needs of the case. *Wal-Mart*, 438 F. Supp. 3d at 763. The Court found that its review was "limited to whether the EEOC

4

notified the Defendant of the charge and attempted to engage in a discussion." *Id*. The district court then denied the EEOC's motion to quash the employer's request for admission about whether EEOC attempted to engage defendant in conciliation discussions but granted its motion with respect to several other discovery requests that related "to the substance and detail of the conciliation discussions" because they were "not subject to judicial review and therefore are outside the scope of discovery." *Id*. Because Dollar General's request for the Court to consider the substance and detail of the parties' conciliation discussions in this case is foreclosed by *Mach Mining,* Fed. R. Evid. 408, and Dollar General's own authority, the Court should strike the exhibits.

### III.     EEOC was not required to conciliate on behalf of Lorenzo and Phillips individually.

Moreover, Dollar General's suggestion that the EEOC "ambushed" Dollar General by identifying Lorenzo and Phillips as individuals for whom it seeks relief in this litigation rests on the faulty assumption that EEOC was required to specifically identify Phillips or Lorenzo before or during conciliation. *See* Response (ECF # 129) at 3-4. Dollar General's suggestion is not only wrong, but it would have the Court upend decades of settled law.[3]

To fulfill its conciliation obligations, the EEOC may seek relief for a class of aggrieved employees without identifying each individual by name. *See, e.g.*, *Mach Mining*, 575 U.S. at

---

[3] As the Supreme Court has held, "the EEOC's role in combating age discrimination is not dependent on the filing of a charge; the agency may receive information concerning alleged violations of the ADEA from any source, and it has independent authority to investigate age discrimination." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991), citing 29 CFR §§ 1626.4, 1626.13. *See also* 29 C.F.R. § 1626.19 ("The right of the Commission to file a civil action under the ADEA is not dependent on the filing of a charge"). Rather, "the ADEA gives the EEOC authority to investigate and enforce independent of individual employee charges." *E.E.O.C. v. Am. & Efird Mills, Inc.*, 964 F.2d 300, 304 (4th Cir. 1992). Thus, the EEOC has "independent authority to bring suit against an employer." *E.E.O.C. v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1536 (2d Cir. 1996).

1656 (EEOC must give an employer notice describing "both what the employer has done and which employees (*or what class of employees*) have suffered" prior to seeking relief for the alleged discrimination victims) (emphasis added); *EEOC v. Bass Pro Outdoor World, LLC*, 826 F. 3d 791, 805 (5th Cir. 2016) (EEOC not required to name individual class members during its pre-suit investigation and conciliation of a claim under Title VII but could simply describe the class allegedly discriminated against in general terms); *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F. 3d 1189, 1199 (9th Cir. 2016) (EEOC conciliation efforts complied with Title VII where it informed defendant that it had found reasonable cause to believe that a class of female employees had been subject to "discrimination, harassment, and retaliation" at two of defendant's facilities).

Despite Dollar General's hyperbole, "EEOC is not required to identify each aggrieved individual in a class in the pre-suit conciliation proceedings." *Equal Emp. Opportunity Comm'n v. Atl. Capes Fisheries, Inc.*, 284 F. Supp. 3d 133, 134 (D. Mass. 2018) (citation omitted). This rule remains true even if disclosure of additional information would have put Dollar General in a better position to respond to the EEOC's conciliation offers. *See Equal Emp. Opportunity Comm'n v. W. Distrib. Co.*, 218 F. Supp. 3d 1231, 1238–39 (D. Colo. 2016). Likewise, EEOC was under no obligation to "fully disclose all of the evidence uncovered in its investigation" to Dollar General during its conciliation efforts. *See EEOC v. Lawler Foods, Inc.*, No. 4:14-CV-03588, 2015 WL 8457816, at *3 (S.D. Tex. Dec. 4, 2015). Nor may Dollar General contest the sufficiency of EEOC's pre-suit investigation in this trial *de novo*. *See* ECF # 94 at 4-5; ECF # 102 at 6; ECF # 130 at 4-5. Thus, the Court should reject Dollar General's suggestion that the EEOC was required to disclose Lorenzo's and Phillips's identities during conciliation.

Finally, the Court should also reject Dollar General's reliance on *Equal Emp. Opportunity*

*Comm'n v. CollegeAmerica Denver, Inc.*, No. 14-CV-01232-LTB-MJW, 2015 WL 6437863, at *3 (D. Colo. Oct. 23, 2015), which involved discrete Separation Agreements that CollegeAmerica provided to the EEOC during an investigation. Those unique facts have no analog to the facts or procedural history of this case, which involves claims seeking relief for additional aggrieved individuals. Even after filing suit, "EEOC is permitted to identify new claimants, including individuals who were discriminated against after the EEOC's investigation ended, so long as their claims are within the scope of the claims that were investigated, disclosed and conciliated." *Equal Emp. Opportunity Comm'n v. Frontier Hot-Dip Galvanizing, Inc.*, No. 16-CV-0691V(SR), 2022 WL 597462, at *2 (W.D.N.Y. Feb. 28, 2022). *See also EEOC v. United Parcel Serv.*, No. 15-CV-4141-MKB-CLP, 2017 WL 2829513, at *9 (E.D.N.Y. June 29, 2017) (EEOC permitted to identify, through discovery, additional victims of unlawful practice described in letter of determination).

Moreover, EEOC did identify Lorenzo and Phillips by description in its Determination (i.e., "other District Managers") and notified Dollar General that it had reasonable cause to believe they were discriminated against, harassed, and retaliated against. *See* Letter of Determination (ECF # 102-13).[4]

Further, *CollegeAmerica*'s holding that dismissal rather than a stay was the proper remedy has been called into question by numerous courts and the Court should reject it. *See, e.g., Mach Mining*, 575 U.S. at 495 (even where EEOC fails to engage in conciliation, dismissal of its

---

[4] EEOC firmly maintains it was not required to identify Lorenzo and Phillips by name. However, Dollar General's Ex. I (ECF # 109-9, p.2 ¶2) shows the EEOC did, in fact, identify Lorenzo and Phillips by name during the conciliation process. Nonetheless, EEOC's position is that the Court should not consider any conciliation documents for reasons explained in the motion. If the Court denies EEOC's motion, it asks that these confidential exhibits be filed under seal.

claims on summary judgment is not an available remedy because "the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance.").[5] Thus, the Court should strike the confidential exhibits from the public record.

## IV.     Conclusion

Because the parties' confidential conciliation communications are protected by Fed. R. Civ. P. 408 and Dollar General's request for judicial review of the substance and detail of the parties' conciliation is otherwise foreclosed by *Mach Mining*, the EEOC requests the Court grant its motion and direct the Clerk to strike Exhibits G (ECF # 109-7), I (ECF # 109-9), and K (ECF # 109-11) from the public record. Should the Court deny EEOC's request, it asks that these confidential documents be filed under seal.

---

[5] *See also Geo Group,* 816 F.3d at 1199 ("Even if the EEOC … had failed to conciliate prior to bringing suit, the appropriate remedy would be a stay of proceedings to permit an attempt at conciliation, not the dismissal of the aggrieved employees' claims."); *EEOC v. Darden Restaurants, Inc*., No. 15-20561-CIV, 2016 WL 9488709, at * 3 (S.D. Fla. June 1, 2016) ("Even if the EEOC failed to conciliate, this fact would not defeat its claims."); *EEOC v. Harrison Poultry, Inc*., No. 2:14-cv-00227, 2016 WL 8309041, at *9 (N.D. Ga. June 1, 2016) ("Moreover, even if EEOC had failed to engage in such efforts, the appropriate remedy would not be to grant summary judgment in Harrison's favor, but rather to order the EEOC to undertake the mandated efforts to obtain voluntary compliance.") (internal quotations omitted); *EEOC v. Tepro, Inc*., No. 4-12-cv-75, 2015 WL 12658237, at *3 (E.D. Tenn. Oct. 21, 2015) (denying employer's motion for summary judgment and noting that only appropriate remedy for EEOC's failure to undertake pre-suit conciliation efforts is to order EEOC to engage in such efforts).

Respectfully submitted,

s/ Joshua C. Stockton
Lauren W. Johnston, OBA # 22341
Assistant Regional Attorney
Joshua C. Stockton, OBA # 21833
Senior Trial Attorney
EEOC – Oklahoma Area Office
215 Dean A. McGee, Suite 524
Oklahoma City, OK 73102
(405) 666-0379 (Johnston)
(405) 666-0387 (Stockton)
lauren.johnston@eeoc.gov
joshua.stockton@eeoc.gov

Dayna F. Deck
Senior Trial Attorney
EEOC - St. Louis District Office
1222 Spruce Ave. Room 8.100
St. Louis. MO 63103
(314) 798-1904
dayna.deck@eeoc.gov

Megan Lowe Stiles
Trial Attorney
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
(913) 340-8828
megan.lowe.stiles@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2024, I filed this document with the Court via the Court's e-filing system and thus served it on all parties of record.

                                      s/ Joshua C. Stockton
                                      JOSHUA C. STOCKTON