IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOLGENCORP, LLC d/b/a )<br>DOLLAR GENERAL, )<br>)<br>Defendant ) | Civil No. 6:21-cv-00295-RAW-GLJ |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO SUPPLEMENT EVIDENCE IN
RESPONSE TO EEOC'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Dolgencorp, LLC ("Defendant" or "Dollar General") submits its Reply in Support of its Motion for Leave to Supplement Evidence in Response to EEOC's Motion for Summary Judgment (Dkt. 122) and states as follows:

### I.   INTRODUCTION

In response to the EEOC's MSJ, Dollar General set forth its entire argument on its "failure to conciliate" defense—complete with references to the EEOC's corporate representative's deposition testimony. The EEOC did not appear for that deposition until five business days before Dollar General's MSJ Response deadline, and Dollar General did not receive the transcript of the deposition prior to submitting its response. (Dkt. 109) Accordingly, in the MSJ response brief, Dollar General referenced the substance of the EEOC's testimony and promised specific page-line citations as soon as the court reporter provided transcripts. (ECF No. 109, Resp. to MSJ at Pages 1-2, n.1.) As promised, Dollar General filed the instant motion to supplement to provide page line citations to the deposition transcript.

Dollar General's motion to supplement simply provides precise page-line citations for the deposition testimony Dollar General already referenced in its MSJ Response. The motion to supplement does not add any additional substantive testimony or argumentation that the EEOC was unaware of. Accordingly, there is no risk of prejudice to the EEOC, who had ample opportunity in its MSJ Reply to argue that the EEOC's deposition did not create a fact issue on

1

Dollar General's conciliation-related defenses. The EEOC has not shown any authority or reason for prohibiting supplementation here.

## II. BACKGROUND

Dollar General began attempting to depose the EEOC's corporate representative in August 2023, months before the November 22, 2023 deadline to take the deposition.

The Deposition still timely occurred before the deadline, but not without various delays beyond Dollar General's control: First, Dollar General agreed to numerous continuances of the deposition while the EEOC engaged Dollar General in settlement negotiations that would have obviated the need for the deposition altogether. Then, once negotiations failed, the EEOC further stalled the deposition by filing a motion for protective order, (ECF No. 94, filed 11/6/2023), despite ample 10th Circuit law requiring such depositions, as the Court cited when rejecting the EEOC's motion and ordering the deposition take place. Specifically, the Court ordered the EEOC to appear for deposition by November 22, 2023. (ECF No. 99, Order.) Still, the EEOC had not yet appeared for deposition by the November 15, 2023 dispositive motions deadline, when the EEOC filed its MSJ. (ECF No. 102.) Finally, after the MSJ deadline, the EEOC appeared for deposition on November 21, 2023, only five business days before Dollar General's November 29, 2023 response deadline. This left Dollar General to file its MSJ Response, (ECF No 109), based on summaries of the deposition while it waited for the third-party court reporter to prepare transcripts amidst the Thanksgiving holiday.

Accordingly, Dollar General's response included summaries of the EEOC's deposition testimony, and indicated that it would provide exact transcript citations once the court reporter prepared the transcripts. For example,

> At its deposition, the EEOC testified to facts establishing that it did not adequately investigate Phillips' and Lorenzo's claims prior to seeking to conciliate on their behalf. The EEOC's failure to properly investigate Lorenzo's and Phillips' terminations prior to conciliation was improper, and these facts demonstrate a material issue that precludes summary judgment on Dollar General's defenses related to the EEOC's failure to investigate and conciliate prior to bringing suit.

(ECF No. 109, Resp. to MSJ at Pages 1-2.) And,

> the transcript of the 30(b)(6) Deposition of the EEOC is not yet available. Dollar General reserves the right to **update the record** with the EEOC's testimony obtained during the deposition.

2

(*Id.* at n.1).

The EEOC eventually filed its MSJ Reply on December 13, 2023. (ECF No. 116.) By that time, the EEOC had ample opportunity to review and cite to the transcript itself, and to explain how the EEOC's testimony did not create a fact issue on Dollar General's conciliation-related defenses. *See Celotex v. Catrett*, 477 U.S. 317 (1986) (on MSJ, the movant-plaintiff has burden to show absence of fact issue on elements of non-movant's affirmative defenses). The EEOC did not do so. Despite full awareness of Dollar General's argument—that the EEOC's 30(b)(6) testimony demonstrated an absence investigation, and thus conciliation, of Phillips and Lorenzo's claims— the EEOC did not point to any deposition testimony or any other documents to contradict the fact that it did not investigate Lorenzo's and Phillips' terminations prior to conciliation.

As promised, on December 19, 2023, Dollar General filed the instant motion to supplement with precise page-line citations. (ECF No. 122.) Dollar General's motion to supplement is merely to provide page-line citations to guide the Court's review of deposition testimony Dollar General already pointed to in its MSJ response.

### III.   ARGUMENT

The Court has ample discretion to supplement the record in the interest of justice, without conducting a good cause or excusability analysis. *Megan McFadden et al. v. Meeker Housing Auth.*, 2018 WL 11619333 at *3 (D. Colo Apr. 2, 2018) ("nothing in the Federal Rules of Civil Procedure prevents the Court from extending a deadline simply in the interest of justice, without a showing of good cause or excusable neglect."). Regardless, good cause to extend Dollar General's response deadline to supplement the record exists here if the Court deems it necessary.

**A.   The Court may properly supplement the record in the interest of justice without need for formal analysis of good cause or excusability.**

Justice requires supplementation here, and the court may do so in its inherent authority. *Anczarski v. Travelers Indem. Co.*, 2017 WL 3084457 at *29-30 (D.N.M. July 17, 2017) (using inherent authority to permit party to supplement summary judgment record with correct certificate of insurance after inadvertently attaching incorrect certificate to MSJ response). Dollar General timely conducted the deposition within the time permitted by Court order. (ECF No. 99, Order.) The supplemental deposition citations do not augment the legal arguments set forth in Dollar General's MSJ Response, but they do provide important evidence of the timing and scope of the

EEOC's conciliation efforts that is not available from other sources. Accordingly, the Court should exercise its inherent authority to accept the proposed supplement.

**B.      Good cause and excusability exist here.**

The Court may permit supplementation of a Summary Judgment response under Rule 6(b) in cases of good cause and excusable neglect.[1] Four factors are relevant to the Court's inquiry: (1) the danger of prejudice to the adversary; (2) the extent of the delay and potential effect on the proceedings; (3) the reasons for delay (including whether these reasons are within the movant's reasonable control); and (4) the existence of good faith on the part of the movant. *Livingston v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 82, 84 (10th Cir. 2021). The Court must consider all of the relevant circumstances. *Id*.

As a preliminary matter, the EEOC completely ignores this analysis, and appears to only address the "reasons for delay" factor. (*See* ECF No. 130 at Pages 3-4.) One factor alone is not dispositive, *see Livingston*, 844 F. App'x at 84, and the "reasons for delay" factor actually favors supplementation here—in fact, all four factors favor supplementation here, as follows.

***Potential prejudice.*** The EEOC would not be prejudiced by the requested supplementation. As discussed above, the EEOC had ample opportunity to reply and challenge Dollar General's references to the EEOC's deposition testimony. But despite having first-hand awareness of the testimony Dollar General referenced in its MSJ Response and several additional weeks to obtain transcripts prior to filing its Reply (ECF No. 116, EEOC's MSJ Reply, filed 12/13/23), the EEOC did not challenge the accuracy of Dollar General's references to the deposition testimony. In other words, the EEOC had every opportunity to point to deposition testimony or the "documents in addition to the 30(b)(6) testimony" it now claims exist to controvert Dollar General's assertion that the circumstances of the EEOC's investigation create a fact issue on the adequacy of EEOC's conciliation efforts, (*See* ECF 130 at Page 6), but the EEOC declined to attempt such a showing when it had the chance.

---

[1] EEOC's leading case, *Turner*, analyzed a motion to supplement under Rule 16(b)(4), which applies to requests to amend the court's scheduling order. The *Turner* court did not explain its decision to apply Rule 16(b)(4) instead of Rule 6(b), but it appears due to the fact that the court's scheduling order explicitly stated that "the parties are expected to conduct any discovery necessary for such motions in advance of the motion deadline." *See Turner*, 2020 WL 6531228 at *1. No such provision exists in the Court's scheduling order here.

4

***The extent of delay was nominal.*** Dollar General moved to supplement the record only twenty days after its November 29, 2023 MSJ Response. (ECF No. 122, Mot. to Supp., filed 12/19/23.)

***The reasons for delay were not in Dollar General's control.*** As discussed above, this is the only factor the EEOC addresses. Contrary to the EEOC's assertion, the reasons for delay, and Dollar General's inability to control the delay, favor supplementation here. In fact, the availability of the transcript was in the control of the EEOC, who delayed the deposition to begin with, and the third-party court reporter who was tasked with preparing transcripts of the Thanksgiving holiday. Thus, the EEOC's assertion that Dollar General "could have" obtained a transcript is not persuasive. (*See* ECF No. 130 at Page 3.) Likewise, the Court should disregard the EEOC's assertion that Dollar General "could have" obtained a deadline extension at the eleventh hour—especially where there was no expectation the Court would grant an additional continuance after continuing the dispositive motions deadline numerous times. (*Id.*)

***Existence of good faith.*** In good faith, Dollar General included its argument in its response, and set forth the assertions that are supported by the EEOC's 30(b)(6) testimony, so that the EEOC would have ample opportunity to receive transcripts and set forth counterarguments in its Reply brief. Plainly, there was no intent to deceive or ambush the EEOC or otherwise inhibit its ability to respond to Dollar General's arguments in connection with the deposition testimony.

The EEOC cannot avoid the four-factor analysis set forth in *Livingston*, which favors supplementation here. 844 F. App'x 82, 84 (10th Cir. 2021). The EEOC otherwise provides no authority preventing supplementation here.

Unlike in EEOC's leading case, *Turner*, the scheduling order here does not contain an express prohibition of consideration of supplemental summary judgment evidence. (*See* ECF No. 130) (relying on 2020 WL 6531228, at *1 (W.D. Okla. June 2, 2020)). Likewise, the EEOC's only other case on the matter, *Stanphill v. Health Care Serv. Corp*, does not contemplate a rule that supplementation is only available for evidence of events that occur after the relevant deadline. 2008 WL 2323240 (W.D. Okla., May 30, 2008). In *Stanphill*, a breach of contract case, the defendant made a job offer to plaintiff after the deadline to move for summary judgment. *Id.* The job offer would potentially extinguish plaintiff's breach of contract claims, so court extended the defendant's deadline to file an entirely new motion for summary judgment on those grounds. *Id.* Accordingly, *Stanphill* is not relevant in the context of response briefs; and, contrary to the

EEOC's insinuation, *Stanphill* does not reserve supplementation for narrow instances where new actionable conduct occurs after the motion deadline. *Id.*

Moreover, the EEOC's discussion of futility, (ECF No. 130 at Pages 4-6), is not proper here—futility is not relevant to supplementation of an MSJ response. Futility is a factor when analyzing requests to amend <u>pleadings</u> under Rule 15—which does not apply to motions for summary judgment. *Livingston v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 82, 83-4 (10th Cir. 2021) (explaining response to summary judgment motion is not a pleading as defined under Rule 7, so Rule 15 did not apply to motion to supplement MSJ response). The Court should disregard the EEOC's futility argument accordingly. (*See* ECF No. 130 at Pages 4-6.)

C.  **The EEOC's requested additional reply is unnecessary and improperly beyond the scope of Dollar General's requested supplement.**

The Court need not permit the EEOC's requested supplemental arguments in pages 4-7 of its Response, (*see* ECF No. 130 at Pages 4-7), because Dollar General is only seeking to add page-line citations to an argument the EEOC already had opportunity to address in its MSJ Reply and no new evidence is being introduced. *See Peterson v. Peterson*, 2004 WL 7338253 at *2 (D.N.M. Feb. 13, 2004) (citing *Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1164 (10th Cir. 1998) (explaining when supplementing party introduces *new* evidence, court must provide non-movant opportunity to respond); (*Compare* ECF No. 109, Def's Resp. to MSJ at Pages 1-2, 7, 10, 16, n.1 (setting forth conciliation argument), *with* ECF No. 122, Def's Mot. to Supp. at ¶¶5-6 (updating deposition citations in existing conciliation argument).) The EEOC was aware of the deposition testimony Dollar General referenced in its MSJ Response and had ample opportunity to address whether the referenced testimony creates a fact issue on Dollar General's conciliation-related defense. *See Celotex v. Catrett*, 477 U.S. 317 (1986) (on MSJ, the movant plaintiff has burden to show absence of fact issue on elements of non-movant's affirmative defenses). Because Dollar General is not offering new evidence or argumentation, the Court should not permit the EEOC to dilate the MSJ proceedings with new evidence and argumentation.

Moreover, the EEOC's proposed additional reply is improperly beyond the scope of Dollar General's proposed supplement. The scope of Dollar General's supplement is limited to a matter of pure fact—specifically, evidence of the fact that the EEOC did not investigate Phillips and Lorenzo in conjunction with its conciliation efforts. Thus, the scope of any reply, if permitted, is limited to inquiry into whether the EEOC actually investigated Lorenzo and Phillips in connection

with conciliation. Instead of addressing Dollar General's proposed factual supplement, the EEOC is attempting to take a second bite at the apple to add additional legal argumentation to its MSJ Reply about whether the EEOC satisfied its mandatory conciliation pre-conditions and request that the Court adopt a new legal prohibition on offering conciliation-related evidence. (ECF No. 130 at Pages 4-6.) The EEOC already had ample opportunity to make those arguments in its Reply brief. Thus, the EEOC's proposed reply arguments, (ECF No. 130 at Pages 4-7), are beyond the permissible scope of a reply brief, even if allowed. If the Court permits EEOC to supplement its summary judgment argument, Dollar General respectfully requests the opportunity to file a supplemental response to meet the new arguments and evidence the EEOC seeks to advance.

## IV. CONCLUSION

For these reasons, Dollar General respectfully requests that the Court grant leave to supplement the summary judgment record in accordance with its Motion to Supplement. (ECF No. 122.)

Dated: January 19, 2024

Respectfully submitted,

/s/ Joel S. Allen
Joel S. Allen
OK Bar Number 14668
jallen@mcguirewoods.com
Paul M. Chappell *(Admitted Pro Hac Vice)*
Texas Bar No. 24097489
pchappell@mcguirewoods.com
Melissa M. Hensley
*(Admitted Pro Hac Vice)*
Texas Bar No. 00792578
mhensley@mcguirewoods.com
Cory R. Ford *(Admitted Pro Hac Vice)*
Texas Bar No. 24121098
cford@mcguirewoods.com
McGuireWoods LLP
2601 Olive Street, Suite 2100
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile:  214.932.6499

**ATTORNEYS FOR DEFENDANT DOLGENCORP, LLC**

## **CERTIFICATE OF SERVICE**

       On January 19, 2024, a true and correct copy of the foregoing was caused to be served upon to the following attorneys of record through the Court's CM/ECF system:

| | |
|---|---|
| Lauren W. Johnston<br>Senior Trial Attorney<br>EEOC Oklahoma City Area Office<br>215 Dean A. McGee Avenue, Suite 524<br>Oklahoma City, Oklahoma 73102<br>lauren.johnston@eeoc.gov | Joshua C. Stockton<br>Trial Attorney<br>EEOC Oklahoma City Area Office<br>215 Dean A. McGee Avenue, Suite 524<br>Oklahoma City, Oklahoma 73102<br>joshua.stockton@eeoc.gov |
| Dayna F. Deck<br>Senior Trial Attorney<br>EEOC St. Louis District Office<br>1222 Spruce Ave. Room 8.100<br>St. Louis, MO 63103<br>dayna.deck@eeoc.gov | Megan Lowe Stiles<br>EEOC Kansas City Area Office<br>400 State Ave., Ste. 905<br>Kansas City, KS 66101<br>megan.lowe.stiles@eeoc.gov |

                                                        */s/ Joel S. Allen*
                                                        Joel S. Allen