IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DOLGENCORP, LLC d/b/a DOLLAR GENERAL, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-21-295-RAW-GLJ |

## CONSENT DECREE

1.  On September 30, 2021, Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this lawsuit against Defendant Dolgencorp, LLC ("Defendant" or "Dollar General") alleging that Dollar General deprived employees Bill Sims, Greg Phillips, and Gloria Lorenzo of equal employment opportunities because of their age by subjecting them to unlawful age discrimination and harassment in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C.§§ 621, *et seq*.

2.  The parties agree this action should be resolved by entry of this Consent Decree.

3.  This Decree does not constitute an admission of guilt or wrongdoing by Defendant, nor an adjudication on the merits of the Complaint.

4.  This Court finds that: (i) this Court has jurisdiction over the parties and the subject matter of this action; (ii) the requirements of the ADEA will be

carried out by the implementation of this Decree; (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit; and (iv) the terms of this Decree constitute a fair, reasonable, and equitable settlement and are not contrary to law.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

## I.   TERM AND SCOPE

5. This Decree will be in effect until March 15, 2027. Except as specifically designated herein, the provisions of this Decree will apply to all district managers, regional directors, and divisional vice presidents assigned to stores in Dollar General's Region 73 as of June 1, 2024 ("Covered Employees").

## II.   INJUNCTION

6. Defendant is enjoined from: (i) intentionally discriminating against employees based on age; and (ii) intentionally creating, facilitating, or permitting the existence of a work environment that is hostile to any employee based on the employee's age.

7. Defendant shall not retaliate against any employee because the employee has opposed any practice made unlawful under the ADEA. Defendant shall not retaliate against any individual identified as a witness in this action or who assisted in the investigation giving rise to this action.

## III.   INDIVIDUAL RELIEF

8. Judgment is entered in favor of the EEOC, and against Defendant in the total amount of $295,000.

9. Notwithstanding that Bill Sims, Greg Phillips, and Gloria Lorenzo are the ultimate beneficiaries of this monetary relief, this relief is a debt owed to and collectible by the United States or its proxy.

10. Within fifteen (15) calendar days of the entry of this Decree, Defendant shall send the following payments, along with itemized statements setting forth the amounts paid and any amounts withheld, via certified mail with return receipt requested to addresses provided by the EEOC and with copies provided to the EEOC:

   a. The gross sum of $162,840 to Bill Sims, with $81,420 designated as back pay and $81,420 designated as liquidated damages.

   b. The gross sum of 33,040 to Greg Phillips, with $16,520 designated as backpay and $16,520 designated as liquidated damages.

   c. The gross sum of $99,120 to Gloria Lorenzo, with $49,560 designated as backpay and $49,560 designated as liquidated damages.

11. Defendant shall deduct only the employee's share of FUTA, FICA, and applicable federal, state, and local tax withholdings from the amounts designated as backpay and shall make no deductions from the amounts designated as liquidated damages.

12. No later than January 31, 2025, Defendant shall issue to Sims, Phillips, and Lorenzo IRS forms W-2 for the designated backpay amounts and IRS forms 1099 for the designated liquidated damages amounts.

## IV.     EQUITABLE RELIEF

**A.     Training**

13.     Within one hundred twenty (120) days of the entry of this Decree and annually thereafter, Defendant shall provide computer-based anti-discrimination training on age discrimination, age-based harassment, and retaliation to all Covered Employees and Store Managers working in stores assigned to Dollar General's Region 73 as of June 1, 2024, presented in clear, simple language, without legalese, and including:

    a. Examples of age-based bias and harassment in the workplace, including but not limited to harassment, jokes, and age-related assumptions and stereotypes that may arise in multiple employment contexts, including but not limited to hiring, termination, discipline, evaluation, job assignments, pay, and promotion;

    b. Quizzing to confirm comprehension;

    c. Specific instructions regarding to whom employees may report discrimination and harassment, including but not limited to the contact information for Dollar General's Human Resources Employee Response Center;

    d. An explanation of how reports of possible age-based discrimination or harassment will be handled;

    e. A statement from Dollar General's CEO stating Dollar General's commitment to eradicating discrimination in the workplace, the

        importance of compliance with Dollar General's anti-discrimination policies and procedures, and the consequences of violating such policies; and

    f. Identification and verification methods to confirm each employee's completion of the training, and notice to employees that failure to complete the training will lead to disciplinary action, up to and including termination.

14. Within one hundred twenty (120) days of the entry of this Decree and annually thereafter, Dollar General will provide one (1) hour of live, interactive training (in person or by video link) by a qualified employment attorney to all retail Employee Relations Managers and Employee Relations Senior Managers. Such training will include the opportunity for questions and answers and address:

    a. Defendant's legal obligation to investigate and respond to alleged discrimination, harassment, and retaliation, including such conduct based on age;

    b. Effective investigative techniques, including identification of witnesses, other potential victims of similar alleged treatment, and other sources of relevant information;

    c. Effective interviewing techniques, including but not limited to effective preparation, appropriate questioning techniques, and explanation of the role of the investigator;

    d. The importance of identifying and gathering relevant information, including prior complaints of discrimination involving the same alleged perpetrator and, where applicable, information from former employees who worked with the alleged perpetrator and who can be reached with reasonable effort, including but not limited to at least two attempts to reach the employee at their last known telephone number;

    e. Techniques for assessing witness credibility;

    f. Proper techniques for thorough documentation of investigations, including interview notes, and standards for retaining documents related to such investigations;

    g. Appropriate procedures for maintaining investigative confidentiality while addressing alleged victims' need to know Defendant promptly and appropriately responded to alleged discriminatory conduct;

    h. Effective practices and procedures to prevent retaliation against individuals who report alleged discrimination or who participate in the investigative process including, but not limited to, when practical the appropriateness of following up with the employee who reported discrimination within a reasonable time period after the investigation has closed.

**B.   Notice Requirements**

15.   Defendant shall post the posting required to be displayed by 29 CFR § 1627.10 in conspicuous locations where it customarily posts notices to employees.

16. Within thirty (30) days of the entry of this Decree, and annually thereafter, Defendant shall email Exhibit 1 and a copy of its Anti-Discrimination and Harassment Policy to Covered Employees with a "read receipt" required. Defendant shall resend the email to all recipients from whom it does not receive a read receipt after thirty (30) days and will continue sending such email every ten (10) days until a "read receipt" is received from all Covered Employees.

17. Within thirty (30) days of the entry of this Decree, Defendant shall electronically distribute, with a "read receipt" required, Exhibit 2 and a copy of its Anti-Discrimination and Harassment Policy to all Store Managers working in stores assigned to Dollar General's Region 73 as of June 1, 2024. Defendant shall resend the message to all recipients from whom it does not receive a read receipt after thirty (30) days and will continue sending such message every ten (10) days until a "read receipt" is received from all recipients.

C.   **EEO Policies, Practices and Procedures**

18. Within thirty (30) days of the entry of the Decree, Defendant shall change the voice message on the Employee Response Center line (888-237-4111) to include this caller option: "If you are calling to report, or get information about, employment discrimination, harassment, or retaliation, please press #___."

19. No later than January 15, 2025, Defendant shall adopt and maintain anti-discrimination policies and procedures written in clear, simple language, without legalese, and which, at a minimum:

    a. Contain a clear statement that discrimination and harassment based on age will not be tolerated and that encourages employees to report conduct they believe may violate the policy;

    b. Expressly prohibit discrimination and harassment based on age;

    c. Clearly explain prohibited conduct and provide specific examples of prohibited age discrimination and harassment;

    d. Describe disciplinary actions Defendant will take, up to and including termination, against any employee who fails to follow the anti-discrimination/retaliation policies;

    e. Describe disciplinary actions for supervisors and managers who fail to report observed, suspected, or reported incidents of age bias, even if the incidents do not rise to the level of unlawful conduct;

    f. State that employees who report alleged discrimination, harassment, or retaliation, and others who participate in any investigation, will be protected from retaliation; and

    g. Set forth clear, easy to understand instructions to employees about the proper procedures to report suspected discrimination or harassment, or other violations of the policy, to Human Resources, their supervisor or to the Employee Response Center at 888-237-4114.

20. No later than January 15, 2025 and annually thereafter, Defendant shall distribute a copy of the policies and procedures described in paragraph 18 above, to all current employees and to all new employees at the time of their hire.

Defendant shall require each employee to sign and date an acknowledgement that the policies and procedures have been received and read. Defendant shall maintain this acknowledgement in each employee's personnel file.

## V.   ENFORCEMENT & MONITORING

22.   Defendant shall submit all the reports required by this Decree to the EEOC by email to: EEOC-SLDO-decree-monitoring@eeoc.gov.

23.   Within thirty (30) days after each training program required by paragraph 13 above, Defendant shall send the EEOC sworn certification that it has fully complied with the requirements of that paragraph and state the date each training was provided; the deadline for employees to complete the training; the method, frequency, and approximate dates Dollar General followed up with employees who failed to complete the training by the initial deadline; a description of disciplinary actions taken against employees for failure to complete the training, including the number of employees who were disciplined; and the date on which all employees completed the training as required.

24.   Within thirty (30) days after each training program required by Paragraph 14 above, Defendant shall send the EEOC sworn certification that the training was conducted, including the date the training was provided, the name and job title of each individual who received the training, the name and job title of each retail Employee Relations Manager and Employee Relations Senior Manager who did not receive the training with an explanation of how make-up training will be provided, and that the training was completed by the relevant employees.

25. Within thirty (30) days of complying with the requirements of Paragraphs 15, 16, 17, and 18 above, Defendant shall send the EEOC sworn certification describing its compliance, confirming the messages required by Paragraphs 16 and 17 were received by all Covered Employees and relevant Store Managers, and including a copy of the messages sent to Covered Employees and relevant Store Managers.

26. Within thirty (30) days of compliance with the requirements of Paragraphs 19 and 20 above, Defendant shall send the EEOC sworn certification of compliance with a brief description of how compliance was accomplished and including copies of any related policies and procedures.

27. If the EEOC believes Defendant has not complied with any term of this Decree, the EEOC shall provide written notification to Defendant by electronic mail to Brittany Adams at badams@dollargeneral.com, with a copy to Joel Allen at jallen@mcguirewoods.com and Paul Chappell at pchappell@mcguirewoods.com. Defendant shall provide a written response to the EEOC within ten (10) days. The parties shall then meet and confer in an attempt to resolve any disputes arising under this Decree before seeking relief from the Court.

## VI.   IRS ACKNOWLEGMENT

28. Within seven (7) days of entry of this Decree, Defendant will provide the EEOC with its Tax ID number and the name and physical mailing address (not P.O. box) of the individual who should receive an IRS Form 1098-F if the EEOC is required to issue the form.

29. The EEOC has made no representations regarding whether any amounts paid pursuant to, or to comply with, the terms of this Decree qualify for a deduction under the Internal Revenue Code, nor has Defendant relied on any such representations by the EEOC.

30. The parties acknowledge that the provision of a Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met and that any decision regarding whether payments made pursuant to this Decree qualify for a deduction under the Internal Revenue Code will be made solely by the Internal Revenue Service with no input from the EEOC.

## VII.   EFFECT OF DECREE

31. The Court shall retain jurisdiction over this matter for the duration of this Decree for purposes of compliance and enforcement.

32. Defendant shall provide a copy of this Decree to its current corporate officers responsible for the operations of Region 73 and to any entity that proposes to acquire or merge with Defendant prior to acquisition or merger.

33. By entering this Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than the charge that created the procedural foundation for the complaint in this case, *Bill Sims v. Dollar General*, Charge No. 564-2018-02163.

34. Each party will bear its own costs and fees.

IT IS SO ORDERED this 16TH day of July, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

**BY CONSENT**:

**FOR EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney
DAYNA F. DECK MO# 39033
Senior Trial Attorney
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
andrea.baran@eeoc.gov
dayna.deck@eeoc.gov

LAUREN W. JOHNSTON
OBA # 22341
Assistant Regional Attorney
JOSHUA C. STOCKTON
OBA # 21833
Trial Attorney
Oklahoma Area Office
215 Dean A. McGee, Suite 524
Oklahoma City, OK 73102
(405) 666-0387
lauren.johnston@eeoc.gov
joshua.stockton@eeoc.gov

MEGAN LOWE STILES
Trial Attorney, D.Kan #78642
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
(913) 340-8828
megan.lowe.stiles@eeoc.gov

**Attorneys for Plaintiff**

**FOR DOLGENCORP, LLC**

Rhonda Taylor
Dollar General Corporation
Executive Vice President and General Counsel

JOEL S. ALLEN
OK Bar Number 14668
jallen@mcguirewoods.com
PAUL M. CHAPPELL
Texas Bar No. 24097489
pchappell@mcguirewoods.com
McGuireWoods LLP
2601 Olive Street, Suite 2100
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6499
McGuireWoods

**Attorneys for Defendant**

EXHIBIT 1

# <u>NOTICE</u>

**Federal law prohibits age discrimination in employment for workers who are 40 years old or older. Dollar General supports and will obey all federal laws protecting workers from age discrimination. Dollar General will not tolerate any form of age discrimination or other unlawful discrimination against employees or job applicants.**

If you experience treatment that you believe is age discrimination, or if you witness such treatment of another employee or job applicant, you should report that information to:

Human Resources at 1-855-ASK-DGHR.

You may also report possible age discrimination to the Equal Employment Opportunity Commission:

Joshua Stockton, EEOC Attorney
Call 405-666-0387 or Email joshua.stockton@eeoc.gov

_____
Senior Vice President
Assistant General Counsel - Employment

EXHIBIT 2

# **NOTICE**

**Federal law prohibits age discrimination in employment for workers who are 40 years old or older. Dollar General supports and will obey all federal laws protecting workers from age discrimination. Dollar General will not tolerate any form of age discrimination or other unlawful discrimination against employees or job applicants.**

If you experience treatment that you believe is age discrimination, or if you witness such treatment of another employee or job applicant, you should report that information to:

Human Resources at 1-855-ASK-DGHR.

You may also report possible age discrimination to the Equal Employment Opportunity Commission:

Joshua Stockton, EEOC Attorney
Call 405-666-0387 or Email joshua.stockton@eeoc.gov

_____
Vice President
Labor & Employment